UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| TIMOTHY BRYAN LARRIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 1132 |
| ) | |
| JUDGE JAMES C. DEVER, III *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) (requiring dismissal upon a determination that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

Plaintiff, living in North Carolina, has sued two federal judges in the Eastern District of North Carolina for obstruction of justice because they "will not let me have a jury trial . . . ." He demands "a jury trial inside of the North Carolina General Assembly to confis[c]ate everything the federal court judges have and to confis[c]ate everyting the district attorneys have and I want $999,888,777,666,555,444,333,222,111.00 dollars from the United States government for college educated people frauding [sic] the tax payers like this, not let[t]ing me use the courts . . . . I hate college educated people and Governor Mike Easley has to to send people like [the two federal judges] to prison or Governor Mike Easley is frauding [sic] the tax payers." (Compl. at 1.)

The complaint presents the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Therefore, the complaint will be dismissed.[1]

A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ricardo M. Urbina
United States District Judge

Date: June 26, 2008

---

[1] Plaintiff also did not fully comply with a prefiling injunction order dated March 4, 2008 ("March 4 Order"). The March 4 Order requires plaintiff to file copy of the March 4 Order with any lawsuit in another district. Plaintiff filed only the third page of the three page order with this complaint.